IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ELIGAH DARNELL JR., § | | |
| Petitioner, § | | |
| § | | |
| VS. § | | Civil Action No. 4:20-CV-407-P |
| § | | |
| BILL WAYBOURN, Sheriff, § | | |
| Tarrant County, Texas, § | | |
| Respondent. § | | |

## OPINION AND ORDER

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Eligah Darnell Jr., a state pretrial detainee confined in the Tarrant County jail, against Bill Waybourn, sheriff of Tarrant County, Texas, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed in part with prejudice for failure to state a claim upon which relief may be granted and in part without prejudice for failure to exhaust his state remedies.

**I. BACKGROUND**

Petitioner is in custody of Respondent awaiting trial in Tarrant County, Texas, Case No. 1575071D, for failing to comply with sex offender registration requirements and on a parole violation hold in Case No. 1197286R. This is Petitioner's second pretrial § 2241 habeas petition filed in this Court relevant to his current confinement. Pet., Darnell v.Waybourn, Civil Docket Case No. 4:19-CV-605-O, ECF No. 1.[1] Petitioner raises the

---

[1] The Court takes judicial notice of the record in his prior § 2241 habeas proceeding.

following four grounds for relief:

>   (1)   Texas Code of Criminal Procedure article 62.055, entitled "Change of Address; Lack of Address," is unconstitutionally vague and indefinite, in violation of the Due Process Clause of the Fourteenth Amendment;
>
>   (2)   Texas Code of Criminal Procedure article 62.055 is unconstitutionally applied to him, in violation of the Fourth and Fourteenth Amendments:
>
>   (3)   he is being denied meaningful access to the jail law library and courts, in violation of due process under the Fourteenth Amendment; and
>
>   (4)   he is being denied the opportunity to post bail on the pending charge because of the pre-revocation warrant, in violation against cruel and unusual punishment under the Eighth and Fourteenth Amendments.

Pet. 5-6, ECF No. 1.

Respondent asserts that grounds one, two, and four are unexhausted and that ground three is properly brought in a § 1983 civil action. Resp't's Resp. 1, ECF No. 7.

## II. DISCUSSION

A state pretrial detainee may invoke pretrial federal habeas-corpus review under § 2241 if he can satisfy two requirements. *First*, he must be in custody. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Clearly, Petitioner, who remains incarcerated in the Tarrant County jail, is "in custody" for purposes of § 2241.

*Second*, he must have exhausted his available state remedies. *See Dickerson*, 816 F.2d at 224. State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by any currently available and adequate procedure. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973). Typically, in order

2

to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated. *See Deters v. Collins,* 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). In Texas, this requires that the claims be presented to the Texas Court of Criminal Appeals "in a procedurally correct manner" by way of either a petition for discretionary review, either from conviction itself or, as here, from the disposition of a pre-conviction application for writ of habeas corpus, or post-conviction writ of habeas corpus. *See Deters*, 985 F.2d at 795; *Procunier,* 762 F.2d at 432; *see also Sones v. Hargett,* 61 F.3d 410, 415 (5th Cir. 1995) (exhaustion of state remedies may be accomplished either directly or collaterally). A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent such circumstances, a pre-trial detainee may not adjudicate the merits of his constitutional claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489. "Derailing of pending state proceedings by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id.* at 493.

In an effort to exhaust his state court remedies as to grounds one and two, Petitioner filed two pretrial state habeas-corpus applications, which were denied by the trial court, and Petitioner appealed. The appellate court, however, determined that the trial court did not abuse its discretion in denying the claims because, with exceptions not applicable to Petitioner's case, "an as-applied constitutional challenge typically may not be resolved pretrial because it depends on development of the specific facts of the case showing how the

3

statute is being applied to the defendant." *In re Darnell,* Nos. 02-19-00466-CR, 02-20-00046-CR, 02-20-00047-CR, 2020 WL 1293692, at *1-2 (Tex. App.-Fort Worth Mar. 19, 2020, pet ref'd). And, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. Accordingly, Petitioner's facial challenge to Texas Code of Criminal Procedure article 62.055, which was construed by the appellate court to be, in substance, an as-applied challenge, and his as-applied challenge have not been "fairly presented" to the highest state court in a procedurally correct manner and are unexhausted for purposes of federal habeas review.

In an effort to exhaust his state court remedies as to ground four, Petitioner has filed one or more pretrial state habeas-corpus applications, which remain pending at this time. Resp't's Resp., Ex. 3, ECF No. 7; Pet'r's Reply, Attach. 2, ECF No. 9. *See also* TEXAS JUDICIAL BRANCH, http://www.txcourts.gov/casesearch (last visited Sept. 1, 2020). Accordingly, the highest state court has not yet had the opportunity to consider his Eighth Amendment claim and it is unexhausted for purposes of federal habeas review.

Petitioner's third ground, alleging the denial of meaningful access to the law library and courts is properly brought in a § 1983 civil rights complaint. Habeas corpus is the appropriate legal vehicle for a prisoner attacking the validity or duration of his confinement and seeking immediate or speedier release. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). A civil rights complaint filed pursuant to 42 U.S.C. § 1983 is the appropriate vehicle for attacking unconstitutional prison procedures or conditions of confinement. *Carson v.*

4

*Johnson,* 112 F.3d 818, 820 (5th Cir. 1997).

In summary, Petitioner's grounds one, two, and four are unexhausted and he fails to demonstrate exceptional circumstances warranting federal court interference at this juncture. Petitioner's ground three fails to state a cognizable claim for habeas-corpus relief.

## III.  CONCLUSION

For the reasons discussed herein, Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** in part with prejudice for failing to state a claim upon which habeas relief may be granted and in part without prejudice for failure to exhaust state remedies. Further, for the reasons discussed, a certificate of appealability is denied.

**SO ORDERED** on this 1st day of September, 2020.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE